UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOE THORNBLAD,

    Petitioner,

v.

Commissioner of Human Services
KEVIN GOODNO,

    Respondent.

Civil No. 05-1753 (RHK/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be summarily DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a patient at the Minnesota Security Hospital in St. Peter, Minnesota. He is being detained by the State of Minnesota pursuant to a judgment entered in a civil commitment action in which he was found to be mentally ill and dangerous. See In re: Thornblad, No. C0-96-1793 (Minn.App. 1996), 1996 WL 745221 (unpublished opinion).

Petitioner's current habeas corpus petition indicates that he recently challenged his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

ongoing civil commitment in a habeas corpus proceeding brought in the State District Court for Nicollet County, Minnesota. (Petition, [Docket No. 1], p. (2), ¶ 1.) The State District Court denied Petitioner's state habeas corpus petition, and that ruling was upheld by the Minnesota Court of Appeals and the Minnesota Supreme Court. (Id., p. (3), ¶ 9.)

Petitioner is now seeking federal habeas corpus review of his continuing detention under the civil commitment judgment that was entered against him. His current petition states a single claim for relief, (listed twice, as both "Ground One" and "Ground Two"), which consists of only three words – "I'm not dangerous." (Id., p. (5), ¶ 12.) Petitioner has not presented any other factual or legal support for his current petition.

## II. DISCUSSION

A federal court cannot enter a writ of habeas corpus for the benefit of a person in state custody unless the petitioner establishes that he is being detained in violation of his rights under the federal Constitution. 28 U.S.C. § 2254(a); see also Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"). To state an actionable claim for habeas corpus relief, a petitioner "must allege sufficient facts to establish a constitutional claim. Mere conclusory allegations will not suffice." Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987), cert. denied, 484 U.S. 1074 (1988).

In this case, Petitioner has not stated an actionable habeas corpus claim, because he has not presented any facts or legal arguments showing, (or even suggesting), that his federal constitutional rights were violated during the course of any state court proceeding. Indeed, Petitioner has not presented any facts or legal arguments of any kind. It is therefore readily

apparent that Petitioner has not pleaded any claim for which a writ of habeas corpus could be granted.

### III. CONCLUSION

Because Petitioner has offered no factual or legal support for his application for habeas corpus relief, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. The Court will further recommend that Petitioner's application to proceed in forma pauperis, ("IFP"), (Docket No. 2), be summarily denied, because of his failure to plead an actionable claim. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases.

Dated: August 22, 2005

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 6, 2005** a writing which

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.