## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JOE THORNBLAD,                       Civil No. 05-1753 (RHK/SRN)

    Petitioner,

v.                                       **ORDER**

Commissioner of Human Services
KEVIN GOODNO,

    Respondent.

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his confinement under Minnesota's civil commitment laws. (Docket No. 1.) The matter was assigned to Magistrate Judge Susan Richard Nelson, who recommended that this action be dismissed because Petitioner did not show (or even allege) that he was being detained in violation of his federal constitutional rights. (Report and Recommendation, ["R&R"], dated August 22, 2005, [Docket No. 3].) By order dated September 13, 2005, (Docket No. 5), the Court adopted the R&R, and ordered that the action be dismissed.

On September 22, 2005, Petitioner filed a document that has been construed to be both a Notice of Appeal and an application for a Certificate of Appealability. (Docket Nos. 7 and 8.) Petitioner has also filed an application to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 10.) Thus, the matter is presently before this Court to determine (a) whether Petitioner should be granted IFP status on appeal, and (b) whether Petitioner should be granted a Certificate of Appealability.

**DISCUSSION**

A.  IFP Application

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  See also Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith."  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  Id.  An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although Petitioner is employed at the state institution where he is currently confined, he apparently earns only nominal wages from his job and has no meaningful income that would allow him to pay the filing fee for his appeal.  He also represents that he has no assets that could be used to pay the filing fee.  Therefore, based on the information furnished in Petitioner's IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed for the reasons explained in the R&R, the Court does not find Petitioner's appeal to be legally "frivolous," as that term has been defined by the Supreme Court.  Thus, the Court concludes that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P.

24(a)(3), and that his application for IFP status on appeal should be granted.

B. Certificate Of Appealability

A person in state custody is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner has not made a substantial showing of the denial of any constitutional right. His petition for writ of habeas corpus was properly dismissed for the reasons set forth

3

in the Magistrate Judge's R&R. He presented no facts in support of his habeas petition, he provided no legal arguments in support of his petition, and he made no effort to show that he is being detained in violation of any specific provision of the Constitution.

In sum, Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Therefore, Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 10), is GRANTED; and

2. Petitioner's application for a Certificate of Appealability in this matter, (Docket No. 8), is DENIED.

Dated: October  12 , 2005

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Court Judge